UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 05-422M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DETENTION ORDER |
| | ) | |
| ELIZABETH LAURIE LAPLANTE ANGOUS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Offense charged:

    Aggravated Identity Theft (two counts)

Date of Detention Hearing:    September 8 and 16, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    Defendant is charged by Complaint with two counts of Aggravated Identity Theft, which alleges that the defendant used the identification of another person to commit wire fraud.

    (2)    The defendant's criminal records history includes multiple charges of forgery and identity theft since 2001.  The defendant has repeatedly failed to appear for court hearings,

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 1

15.13
Rev. 1/91

01   following which bench warrants were issued.  The AUSA proffers evidence that there are six

02   current failures to appear that can be attributed to the defendant.  The AUSA proffers evidence

03   to support the contention that the defendant has been involved in multiple instances of disguising

04   her physical identity, utilizing false identity documents,  and fraudulently obtaining funds from the

05   bank accounts of numerous individuals.

06        (3)     The defendant reports that she has been unemployed since 2004.  There are

07   discrepancies as to where she is residing.  She reports an address in a building which is said to be

08   condemned by the City of Seattle and not subject to anyone legally living in the building.  She

09   continues to assert that this is her correct residence, while the AUSA suggests that it may simply

10   be a mail drop.  The defendant is alleged to have given a second address in Seattle at a house

11   which the owner contends the defendant was not a tenant.  The defendant disputes that contention.

12        (4)     The defendant poses a risk of nonappearance due to several alias names, the nature

13   of the instant offense, a history of failing to appear, a history of failure to comply with court

14   orders,  the  defendant's  access  to  false  identity  documents,  lack  of  stable  employment,

15   contradictory information regarding her residence, and information indicating that her criminal

16   conduct was ongoing.  The defendant poses a risk of danger due to the nature of the instant

17   offense and multiple recent convictions for the same or similar offense.

18        (5)     There does not appear to be any condition or combination of conditions that will

19   reasonably assure the defendant's appearance at future Court hearings while addressing the danger

20   to other persons or the community.

21   It is therefore ORDERED:

22        (1)     Defendant shall be detained pending trial and committed to the custody of the

23             Attorney General for confinement in a correction facility separate, to the extent

24             practicable, from persons awaiting or serving sentences or being held in custody

25             pending appeal;

26        (2)     Defendant shall be afforded reasonable opportunity for private consultation with

DETENTION ORDER                                                    15.13
18 U.S.C. § 3142(i)                                            Rev. 1/91
PAGE 2

counsel;

(3)     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this  16th  day of September, 2005.


Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER                                                                                     15.13
18 U.S.C. § 3142(i)                                                                               Rev. 1/91
PAGE 3